No. 21596.

.:EUNICE PLUMMER, ET AL. *v.* STATE COMPENSATION
INSURANCE FUND, ET AL.
(410 P.2d 185)

Decided January 24, 1966.

HUBERT M. SAFRAN, for plaintiff in error Eunice
Plummer.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,
Deputy, PETER L. DYE, Assistant, for plaintiff in error
Industrial Commission of Colorado.

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON
SMITH, JR., RICHARD T. GOOLD, for defendants in error
State Compensation Insurance Fund and Lamb Memo-
rial Hospital Association.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is a workmen's compensation case announced this date in conjunction with our decision in Industrial Commission of Colorado, et al. v. Louis R. Milka, 159 Colo. 114, 410 P.2d 185, which we refer to as the Milka case. Although not a companion case as such, it arose after the adoption of C.R.S. 1963, 81-2-9, so this writ of error involves the same question. We refer to that case for a full discussion of the problem.

In this case the claimant was awarded compensation based on a determination by the Commission that she had sustained an accident as defined in the act by the 1963 amendment. The trial court reversed the Commission and held that this was not an accident as contemplated in the definitions promulgated in section 81-2-9.

Claimant was a hospital maid whose duties consisted, among other things, of mopping the floors. On the particular day involved, while she was bent over pushing the mop under a bed, she strained her back in such a manner as to cause a sudden, sharp pain in the lower back, causing her to fall to her knees and to be unable to straighten up for a period of time thereafter. Medical evidence was that claimant sustained an acute lumbosacral strain; that she had a preexisting kypho-lordosis of the spine and that the strain she received aggravated the preexisting condition causing disability.

The discussion in the Milka case announced this day disposes of all of the contentions of the parties and requires no reiteration here. For the reasons assigned in that case we hold that the Commission in making an award of compensation was correct.

The judgment of the district court was erroneous and is reversed and the cause is remanded to the court with directions to affirm the findings and award of the Commission.

MR. JUSTICE FRANTZ concurs in the result.